UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL E. SARVER,

    Plaintiff,

v.                                                             Case No. 07-11597
                                                               Hon. Sean F. Cox

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**

This matter is before the Court on Cross Motions for summary judgment. Both parties have briefed the issues. For the following reasons, the Court: (1) **DECLINES** to adopt the Report and Recommendation; (2) **GRANTS** in part, and **DENIES** in part, Plaintiff's Motion for summary judgment; (3) **DENIES** Defendant's Motion for summary judgment; and (4) **REMANDS** this case to the Commissioner for further proceedings consistent with this opinion.

**I. BACKGROUND**

This action arises out of the denial of social security benefits to Plaintiff, Paul Sarver. Plaintiff filed for Social Security benefits on August 29, 2000, alleging an onset date of July 15, 1998. Plaintiff claims he is disabled because of respiratory and cardiovascular disease, swelling and pain, and psychological issues. Plaintiff's claim was denied at the application stage and Plaintiff requested a hearing. A hearing was held on January 31, 2002, before Administrative Law Judge ("ALJ") Bernard Trembly. ALJ Trembly denied Plaintiff benefits in a decision dated March 21, 2002. Plaintiff appealed the decision and the Appeals Council remanded. On July 6,

1

2004, a second hearing was conducted before ALJ Michael Wilenkin. ALJ Wilenkin denied benefits on October 18, 2004. The Appeals Council declined to review the decision.

On April 9, 2007, Plaintiff filed an action in this Court seeking review of ALJ Wilenkin's decision. The parties filed cross motions for summary judgment. On March 19, 2008, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R&R"), recommending that this Court deny Plaintiff's Motion for summary judgment and grant Defendant's Motion for summary judgment. Plaintiff filed Objections on March 31, 2008.

## II. STANDARD OF REVIEW

This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make

credibility determinations. *Id.*

### III. ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the fifth factor; that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

#### A. ALJ Determination

The ALJ denied Plaintiff benefits at Step Five. The ALJ determined that Plaintiff had an RFC for a limited range of unskilled sedentary work. Based on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff can perform. The ALJ found Plaintiff's testimony about the extent of his limitations was not credible based on the medical evidence and Plaintiff's testimony regarding the activities

of daily living. [Tr. p.21].

The ALJ also did not fully credit the opinions of Plaintiff's treating physicians. Plaintiff presented evidence from several treating physicians, Dr. Martin Nosan; Dr. Vavindra Prabhu; Dr. Arthur Cardones; and Dr. Michael Raad. Plaintiff also submitted a report from psychologist, Dr. Milton Grosenbach.

The ALJ found that Dr. Prabhu's opinion that Plaintiff's ongoing symptoms precluded him from returning to any gainful employment was "not supported by other significant medical evidence in the file." [Tr. 19]. Dr. Prabhu found in a report dated January 14, 2002, and July 24, 2002, that Plaintiff continued to have shortness of breath, palpitations, fatigue and headache. Dr. Prabhu opined that "[h]is disabling conditions impose significant limitations on his activities as indicated in the cardiac impairment questionnaire." [Tr. 297]. Dr. Prabhu also noted that significant improvement was not expected in the next twelve months. *Id.* The ALJ noted that a chest x-ray done November 3, 2000 showed no active pulmonary disease, and an x-ray done August 15, 2001, showed that Plaintiff's lungs were clear, his cardiac silhouette was normal in size, and there was no evidence of active pulmonary disease. The ALJ also noted that Plaintiff's hypertension was well controlled with medication. The ALJ pointed out that despite his respiratory problems, Plaintiff continued to smoke. The ALJ also questioned whether Plaintiff had actually stopped drinking as he claimed. [Tr. 19]. The ALJ also referred to a cardiac evaluation done by Dr. Prabhu on July 16, 2002. The ALJ found significant that there was no tachycardia and normal sinus node function. Dr. Prabhu noted that Plaintiff's vital signs were normal and that his arrhythmia was controlled with medication.

The ALJ did not fully credit Dr. Raad's opinion. Dr. Raad opined on May 19, 2004, that

4

Plaintiff could not maintain full or part time employment "secondary to chronic cardiac and lung disease." [Tr. 407]. The ALJ found that based on the stress test Plaintiff underwent on September 15, 2003, "[a]lthough it is clear that the claimant continues to exhibit some cardiac symptoms, there is no indication that his symptoms precluded him from all work activity." [Tr. 20]. The ALJ also noted that a CT scan of Plaintiff's chest on January 23, 2004, showed that other than a small focus of emphysema in the apex of the upper right lobe, Plaintiff's lung was clear and unremarkable. [Tr. 20].

The ALJ did not credit Dr. Grosenbach's report. Dr. Grosenbach issued a report on August 18, 2004, finding that Plaintiff has moderate anxiety and severe depression. Dr. Grosenbach opined that "[t]his coupled with his medical condition...definitely indicate that he is unable to be gainfully employed." [Tr. 414]. The ALJ found Dr. Grosenbach's opinion "completely unsupported by the medical evidence." [Tr. 20]. The ALJ noted that there was no record of complaints by Plaintiff of depression or anxiety and that he had not been prescribed medications for those conditions. The ALJ also noted that Dr. Grosenbach is not a medical doctor and therefore could not conclude that Plaintiff suffers from any medical conditions.

The ALJ did not address the Multiple Impairments Questionnaire completed by Dr. Cardones on March 16, 2001, which was generally consistent with the opinions of Dr. Prabhu and Dr. Raad. The ALJ also did not address Dr. Nosan's statement that he was "uncertain" when Plaintiff would be able to return to work.

The ALJ prepared a hypothetical for consideration by the vocational expert, to determine if there were significant jobs Plaintiff could perform. The ALJ described Plaintiff's limitations as follows:

> The vocational expert was asked to assume that a hypothetical individual of the same age, education, past relevant work experience retained the residual functional capacity to sit for six of eight hours and stand or walk two hours in a typical eight hour work day. Assume the same individual could lift and/or carry ten pounds occasionally and a lesser weight frequently. The vocational expert was asked to further assume that such individual complained of episodes of tachycardia possibly related to congestive heart failure and symptoms of chronic obstructive pulmonary disease but such symptoms are insufficient to preclude the individual from performing the exertional and/or nonexertional requirements of sedentary work. The vocational expert was asked to assume that such an individual should not be required to work with his arms above shoulder level or use his arms for continued rapid stretching, reaching, pulling, or pushing in a forceful manner. The described individual may suffer low back pain but not of sufficient degree to compromise the performance of sedentary work. Such individual may suffer lower extremity edema possibly due to symptoms of congestive heart failure and should be precluded from jobs that require prolonged walking or climbing stairs or ladders but would not preclude him from performing sedentary work. Given the circumstances, are there a significant number of jobs currently existing in the regional economy that such an individual could perform?

[Tr. 21]. The vocational expert opined that Plaintiff could perform several unskilled sedentary jobs, including assembler, inspector and sorter, based on this hypothetical.

**B.     R&R**

Plaintiff argued that the ALJ erred by: (1) not considering his psychological limitations at Step Two of the analysis; (2) not properly crediting the opinions of his treating physicians; and (3) not adequately addressing Plaintiff's credibility. The Magistrate recommends affirming the findings of the ALJ. The Magistrate found the ALJ did not err by failing to include Plaintiff's alleged psychological limitations in his Step Two analysis because the limitations were nonetheless included in the hypothetical. Moreover, the Magistrate found that regardless of whether the psychological impairments were included in the hypothetical, the ALJ's decision that the psychological impairments were not supported by medical evidence was not erroneous.

With respect to Plaintiff's treating physicians, the Magistrate ruled the ALJ's discussion

6

of his reasons for not fully crediting the treating physician's was supported by substantial evidence. The Magistrate reiterated the ALJ's reasoning that the underlying medical tests did not support the physicians' opinions. The Magistrate also did not find error in the ALJ's failure to discuss Dr. Cardones or Dr. Nolan's findings.

Lastly, the Magistrate found the ALJ's decision not to fully credit Plaintiff's testimony regarding his limitations was supported by substantial evidence. The Magistrate found that Plaintiff's failure to quit smoking was justification for failing to credit his testimony. The Magistrate also noted, as did the ALJ, that although Plaintiff claims he is disabled, he is still able to care for his personal needs and activities of daily living.

### C. Plaintiff's Objections

Plaintiff alleges the same objections to the R&R as he raised against the ALJ's decision denying benefits. Plaintiff contends it was error for the ALJ to fail to include his psychological impairments at Step Two, because he did not properly account for them in the hypothetical. Plaintiff also argues that the ALJ attempted to substitute his own opinion for that of the treating physicians and he reinterpreted medical tests. Plaintiff also denies that his failure to quit smoking legitimately undermines his credibility.

### D. Analysis

#### 1. Did the ALJ err in failing to credit Plaintiff's psychological limitations?

The ALJ's decision not to credit Dr. Grosenbach's report was supported by substantial evidence. The ALJ was only presented with a one page report. [Tr. 414]. As Plaintiff concedes, the questionnaires completed by Dr. Grosenbach were not properly before the ALJ. [Obj. p.4-5].

7

The ALJ found that the one page report was the only evidence that Plaintiff had complained of significant depression or anxiety. The ALJ also noted that Plaintiff had not previously sought medication or treatment for alleged psychological conditions. Further, Dr. Grosenbach opined in the report that Plaintiff's alleged psychological maladies "coupled with his medical condition definitely indicate that he is unable to be gainfully employed." [Tr. 414]. As the ALJ held, Dr. Grosenbach is not a medical doctor and is not competent to assess the impact of Plaintiff's physical maladies.

Finally, Dr. Grosenbach's conclusion is contrary to other evidence in the record. In Dr. Cardones' Multiple Impairments Questionnaire, he indicated that emotional factors do not contribute to the severity of Plaintiff's symptoms and functional limitations. [Tr. 268]. In response to a similar question, Dr. Prabhu indicated that emotional or psychological factors do contribute. [Tr. 359]. However, the only notation is "anxiety" followed by illegible notations. There is no indication that Plaintiff suffered from severe depression or how the alleged psychological ailment impacted his ability to work. In the second questionnaire submitted by Dr. Prabhu, the doctor wrote in a third option rather than checking yes or no with respect to whether emotional or psychological factors contributed to the severity of Plaintiff's symptoms or functional limitations. [Tr.364]. The notation is illegible.

### 2. Did the ALJ properly consider the treating physicians' opinions?

The Sixth Circuit recently reiterated the law regarding assessing medical evidence in a social security case in *Rogers v. Commissioner of Social Security*, 486 F.3d 234 (6th Cir. 2007). In *Rogers*, the court noted that key among the standards is that "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly

known as the treating physician rule." *Id.* at 242. This rule is so because "treating physicians are the medical professionals most able to provide a detailed, longitudinal picture of a claimant's unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." *Id.* (citations omitted). The *Rogers* court further described the application of the treating physician rule:

> [I]f the opinion of the treating physician as to the nature and severity of a claimant's conditions is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record, then it will be accorded controlling weight. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. However, in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding.
>
> There is an additional procedural requirement associated with the treating physician rule. Specifically, the ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. The purpose of this procedural aspect of the treating physician rule is two-fold. First, the explanation lest claimants understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. Second, the explanation ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule. Because of the significance of the notice requirement ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.

*Rogers*, 486 F.3d 242-243 (internal citations omitted).

In this case, the ALJ did not comply with the treating physician rule. This Court does not

9

reach the question of whether the ALJ properly discounted the opinions of Plaintiff's treating physicians because at a more basic level, the ALJ failed to address the opinion of each of the treating physicians. The ALJ does not discuss Dr. Cardones' opinion at all. Further, the ALJ gives short shrift to the opinion of Dr. Raad, without discussing any factors pertaining to the weight the ALJ gave to his opinion. In this case, the ALJ discounted all of the treating physician's opinions. At least three of Plaintiff's treating physician's agree that Plaintiff cannot maintain employment based on his limitations.[1] These opinions are entitled to great deference and the ALJ must provide specific reasons for disregarding or discounting them. The *Rogers* case makes clear that even if the ultimate conclusion can be justified by the record, the ALJ must explain his precise reasons for discounting the opinion of a treating physician. *Rogers*, 486 F.3d at 243. In this case, the ALJ did not address each opinion, and did not provide sufficient reason for the weight he gave the opinions to allow this Court to review his decision. Accordingly, the ALJ's determination is not supported by substantial evidence.

Plaintiff asks this Court to remand for award of benefits only, rather than for further findings. "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994). Further, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."

---

[1] Because Dr. Nosan's opinion is unclear as to Plaintiff's limitations with regard to work, it is not considered for purposes of this opinion because even without Dr. Nosan, the ALJ did not address each of the treating physicians.

*Id.* In *Faucher*, the court held the district court erred when it awarded benefits after finding the ALJ did not properly incorporate the plaintiff's limitations into the hypothetical. The hypothetical formulated by the ALJ was inadequate because it did not take into account the plaintiff's emotional impairments and obesity. However, the court could not award benefits without further findings because it was possible that a properly constructed hypothetical would still result in a finding that the plaintiff could perform a significant number of jobs. The *Rogers* court noted that there was conflicting evidence in the record regarding the severity of the plaintiff's emotional impairments that must be addressed by the ALJ.

In this case, all essential factual issues have not been resolved. The ALJ did not make clear findings on the medical opinions offered in this case. The hypothetical submitted to the vocational expert was based on the ALJ's inadequate analysis. Thus, this Court will remand for a full analysis of the opinions of Plaintiff's treating physicians in accordance with *Rogers*, *supra*. The Court will not rule on the ALJ's credibility determination regarding Plaintiff's subjective complaints because the ALJ relied in part on medical evidence, which as discussed above, was not adequately addressed. [Tr. 21]. However, the Court will note that Plaintiff's decision to continue to smoke despite his claims of disabling pulmonary and cardiac disease can be considered in his credibility determination. In *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 480 (6th Cir. 1988), the court found the plaintiff's lifestyle was not consistent with his complaints. One of the inconsistencies was the plaintiff's continued smoking habit. The court held:

> The Social Security Act did not repeal the principle of individual responsibility. Each of us faces myriads of choices in life, and the choices we make, whether we like it or not, have consequences. If the claimant in this case chooses to drive himself to an early grave, that is his privilege - but if he is not truly disabled, he

11

has no right to require those who pay social security taxes to help underwrite the cost of his ride.

*Sias*, 861 F.2d at 480.

## IV. CONCLUSION

For the foregoing reasons, the Court: (1) **DECLINES** to adopt the Report and Recommendation; (2) **GRANTS** in part, and **DENIES** in part, Plaintiff's Motion for summary judgment; (3) **DENIES** Defendant's Motion for summary judgment; and (4) **REMANDS** this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: July 28, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 28, 2008, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**